

**FILED**

**August 7, 2015**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 11:00 AM**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | | |
|---|---|---|---|
| Employee: Regina Kirk | ) | Docket No. 2015-01-0036 | |
| | ) | | |
| Employer: Amazon.com, Inc. | ) | State File No. 79228-2014 | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 7th day of August, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Carmen Y. Ware | | | | | X | cyware@thewarelawfirm.com |
| Charles E. Pierce | | | | | X | cepierce@mijs.com |
| Thomas Wyatt, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov



**FILED**

**August 7, 2015**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 11:00 AM

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Employee: Regina Kirk ) | Docket No. 2015-01-0036 |
| ) | |
| Employer: Amazon.com, Inc. ) | State File No. 79228-2014 |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Thomas Wyatt, Judge ) | |

---

### Affirmed and Remanded – Filed August 7, 2015

---

## OPINION AFFIRMING AND REMANDING INTERLOCUTORY ORDER OF COURT OF WORKERS' COMPENSATION CLAIMS

This interlocutory appeal involves an employee who claims to have suffered a work-related shoulder injury. Following treatment at the employer's onsite clinic, the employee requested additional medical care and was provided a panel of doctors from which she selected a treating physician. After examining the employee on one occasion, the physician completed and signed an employer-provided document stating his diagnosis and designating the employee's injury as "Not Work-Related." The employer thereafter denied the claim asserting there was no medical evidence of a work-related injury. The employee sought additional medical care from an orthopedic surgeon who imposed work restrictions that prevented the employee from returning to work. Upon the employee's request and following the employee's filing of a petition for benefit determination, the trial court held an expedited hearing. Finding that the physicians' causation opinions did not assist the court, the trial court concluded that the employee did not present sufficient medical evidence of a work injury and denied medical and temporary disability benefits. Following the filing of a timely appeal notice, the employee submitted additional medical information as an exhibit to the employee's position statement. After a careful review of the record, we affirm the result reached by the trial court without giving consideration to

1

the additional medical information, and we remand the case for such additional proceedings as may be necessary.

Judge David F. Hensley delivered the opinion of the Appeals Board, in which Judge Marshall L. Davidson, III, and Judge Timothy W. Conner, joined.

Carmen Y. Ware, Chattanooga, Tennessee, for the employee-appellant, Regina Kirk

Charles Pierce, Knoxville, Tennessee, for the employer-appellee, Amazon.com, Inc.

## Factual and Procedural Background

The dispositive issue in this interlocutory appeal is whether the employee presented sufficient medical evidence of a work-related injury at the expedited hearing from which the trial court could determine that she would likely prevail at a hearing on the merits. The trial court held that she did not. We agree with the result reached by the trial court.

Regina Kirk ("Employee") is a packer employed with Amazon.com, Inc. ("Employer"), in Chattanooga, Tennessee. On September 24, 2014, she reported a left shoulder injury that occurred as she reached overhead for an item to pack in a box. The Employer's First Report of Work Injury or Illness, completed on the alleged injury date, includes the following description of how the injury occurred: "Left shoulder strain developed gradual pain while packing." An "Associate First Report of Injury" safety form signed by Employee on the same date indicates the "Actual Incident Time" to be "11:30 AM," and the "Time Incident Reported" to be "2:45 PM." It states "shoulder popped while getting item to [place] in box [and] as day went on it feels like a pull to left arm above neck."[1]

Employee went to Employer's onsite medical facility, AmCare, at 2:45 on the afternoon of the alleged injury. The initial AmCare report, which was electronically signed by an emergency medical technician, describes Employee's injury similarly to the Associate First Report of Injury, stating "while getting an item to place in a box, her shoulder popped." It identifies the involved body parts to be "[l]eft upper back/shoulder," and the report indicates Employee received "ice therapy x 15 mins." The report states that Employee was to return to work without restrictions. Employee was seen again at AmCare the following day where she received first-aid care described as "ice for 15 minutes to left shoulder and [Biofreeze]." The AmCare records indicate that Employee also received "ice therapy for 15 mins," on September 28 and 29, 2014.

---

[1] The parties did not submit a transcript of the proceedings in the trial court or a statement of the evidence. We have gleaned the facts from the trial court's expedited hearing order and the exhibits admitted into evidence at the expedited hearing.

Following Employee's request to see a medical doctor, she was provided a panel of medical providers from which she selected Workforce Corporate Health ("Workforce") on September 30, 2014. She was seen at Workforce on October 6, 2014, by Dr. Jayant Eldurkar. The report states that Employee "says she has pain in the left shoulder," and it notes "[n]o particular incident occurred, but she states from reaching across and lifting at heights." Dr. Eldurkar's report notes numerous tests and maneuvers performed in his clinical evaluation of Employee's shoulder, none of which was reported to be positive. His examination of Employee's upper back notes "some tenderness at the left rhomboid." The assessment included in his October 6, 2014 report states "[l]eft rhomboid sprain/strain, not work related." Employee was instructed to "[r]eturn to work without restrictions," and to "[r]eturn to clinic as needed." The report notes that Employee was "discharged from our clinic."

On the same date of Employee's examination by Dr. Eldurkar, the doctor dated and signed an Employer-provided document identified as "Health Care Provider Request for Medical Information." The document includes a section to be completed by the health care provider wherein the injury "for which treatment is sought" is identified as "[left] upper back spasm." This section of the document includes an area for the provider to address whether the injury is work-related by marking one of three boxes indicated as "Work-Related," "Not Work-Related," or "Undetermined." Dr. Eldurkar marked the box indicating Employee's injury is "Not Work-Related." On October 17, 2014, Employer denied additional benefits, stating "[n]o medical evidence of a work related injury" as the basis for denial in a notice submitted to the Bureau.

Employee's left shoulder pain worsened as she continued her work as a packer. Employee sought medical treatment on her own, and on February 19, 2015, she was seen by Dr. Jason Robertson, an orthopedic physician. He recorded that Employee "presents in the office today with a complaint of left shoulder pain that began 09/23/2014." The report notes Employee's statement "that she was reaching for something on a shelf when her left shoulder popped." Dr. Robertson examined Employee's shoulder and performed range of motion tests, strength tests and "Specialty Tests," noting positive "Neer and Hawkin's" tests, which Dr. Eldurkar had noted to be negative at the time of his October 6, 2014 clinical evaluation. Dr. Robertson ordered and reviewed left shoulder x-rays, noting a "type III acromion and mild glenohumeral degenerative joint disease." In addition to prescribing medication, he prescribed a four-week physical therapy program and imposed restrictions against "lifting over 10 LBS Left upper extremity until follow up." He also requested Employee to return in four weeks.

Dr. Robertson signed and dated three separate Employer-provided documents that requested, among other information, his opinion concerning whether Employee's condition was work-related. On February 23, 2015, he signed Employer's "Health Care Provider Request for Medical Information," which states that the document is "To Be Used For Return to Work Verification or Restrictions." The box marked on this

3

document indicates that the condition for which Employee was examined on February 19, 2015, is "Not Work-Related." A second copy of this document was admitted into evidence that is marked "REVISED 3/12/15." It has the "Not Work-Related" box and language marked through, and "Work-Related" is circled. Dr. Robertson's initials and "3/12/15" are handwritten beside the revisions. A second Employer-provided document signed by Dr. Robertson is also dated March 12, 2015, and is titled "Attending Physician's Statement of Work Capacity and Impairment." Dr. Robertson identifies the primary diagnosis on this document to be left shoulder impingement. In the area for the doctor to indicate "No," "Yes" or "Unknown," following the question, "[i]s the patient's primary condition due to injury or illness arising out of the patient's employment," the document is marked, "Unknown." A third Employer-provided request for medical information document states it is "To Be Used For Disability Accommodation & Fitness for Return to Work." This document is dated March 27, 2015, and includes Dr. Robertson's signature. The document notes that Employee was last seen by the doctor on March 19, 2015, and that work restrictions were assigned at that visit. The box indicating the injury is "Work-Related" is marked, and Dr. Robertson's signature is written in the same section following the statement, "overuse injury from overhead activity."

Employee filed a Petition for Benefit Determination on February 20, 2015, requesting medical benefits for her alleged September 24, 2014 injury. Following unsuccessful mediation and the filing of a Dispute Certification Notice, Employee filed a request for an expedited hearing, indicating Employee wanted the assigned judge to issue a ruling based on a review of the file without an evidentiary hearing. The trial court issued an order finding "this claim is best determined in consideration of [Employee's] testimony" and ordered an in-person evidentiary hearing. Employee was the only witness to testify at the expedited hearing. On July 7, 2015, the trial court issued its order denying Employee's claim for medical and temporary disability benefits, concluding that Employee "did not submit sufficient medical expert opinion to establish that, at a hearing on the merits, she would likely prevail in establishing that her injury arose primarily out of and in the course and scope of employment." Employee timely filed a notice of appeal on July 16, 2015, along with a Position Statement in Support of Appeal. Employee exhibited to the position statement correspondence dated July 9, 2015, from Employee's attorney to Dr. Robertson, which included questions presented to the doctor. The purported "exhibit" includes responses from the doctor and his signature dated July 11, 2015. Following the expiration of the time to file a transcript or statement of the evidence, the appeal was submitted to the Appeals Board on July 29, 2015.

**Standard of Review**

The standard of review to be applied by the Appeals Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. §

4

50-6-239(c)(7) (2014). The limited circumstances warranting reversal or modification of a trial court's decision are specified in the statute:

> The workers' compensation appeals board may reverse or modify and remand the decision of the workers' compensation judge if the rights of any party have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:
>
>> (A) Violate constitutional or statutory provisions;
>> (B) Exceed the statutory authority of the workers' compensation judge;
>> (C) Do not comply with lawful procedure;
>> (D) Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or
>> (E) Are not supported by evidence that is both substantial and material in the light of the entire record.

Tenn. Code Ann. § 50-6-217(a)(3) (2015). In applying the standard set forth in subparagraph (E) above, courts have construed "substantial and material" evidence to mean "such relevant evidence as a reasonable mind might accept to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration." *Clay Cnty. Manor, Inc. v. State, Dep't of Health & Env't*, 849 S.W.2d 755, 759 (Tenn. 1993) (quoting *Southern Ry. Co. v. State Bd. of Equalization*, 682 S.W.2d 196, 199 (Tenn. 1984)). Like other courts applying the standard embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

## Analysis

### A.

Contemporaneously with the filing of the notice of appeal, Employee filed a position statement with a two-page exhibit that includes a July 9, 2015 letter from Employee's attorney to Dr. Robertson. The letter advises the doctor that it was unclear to the trial court why the forms from his office presented conflicting causation opinions. It presents two questions to the doctor in an attempt to clarify the doctor's opinion on causation. The exhibit includes the doctor's responses and signature. Employee presents as one of two issues on appeal "whether the post hearing causation . . . letter . . . is admissible on appeal to assist the Court in determining medical causation." We hold that it is not. "[W]e will not consider on appeal testimony, exhibits, or other materials that were not properly admitted into evidence at the hearing before the trial judge." *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *13 n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015).

5

## B.

Although not worded as such, Employee's second issue on appeal questions whether the trial court erred in determining that Employee presented insufficient medical evidence of a work-related injury from which the trial court could determine that Employee would likely prevail at a hearing on the merits. The appellant bears the burden of showing that the evidence presented in the trial court preponderates against the trial court's findings. *Mfrs. Consol. Serv., Inc. v. Rodell,* 42 S.W.3d 846, 865 (Tenn. Ct. App. 2000). Without a transcript or a statement of the evidence, we cannot know what evidence was presented to the trial court beyond the exhibits that were admitted into evidence and the testimony as stated in the trial court's order. *See Britt v. Chambers,* No. W2006-00061-COA-R3-CV, 2007 Tenn. App. LEXIS 38, at *8 (Tenn. Ct. App. Jan. 25, 2007).

Here, Employee was the only witness to testify at the expedited hearing. Based on Employee's testimony and the exhibits admitted into evidence, the trial court found that Employee "felt a pop in her left shoulder that was accompanied by pain when, while working at [Employer], she reached above her head to retrieve an item to pack in a box." There is a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise. Tenn. Code Ann. § 50-6-239(c)(7) (2014). Without a transcript or statement of the evidence, we cannot conclude in this case that the evidence preponderates against the trial court's decision.

## C.

Dr. Eldurkar indicates on the Employer-provided request for medical information that the "[left] upper back spasm" for which "treatment is sought" is "Not Work-Related." Dr. Eldurkar's October 6, 2014 report notes that he performed a physical examination of Employee's left shoulder and upper back and identifies numerous tests and maneuvers included in his examination. He notes that Employee had full range of motion in her left shoulder and that each test or maneuver performed during his clinical evaluation was negative. His examination of Employee's upper back revealed "some tenderness at the left rhomboid." The assessment included in the report states "[l]eft rhomboid sprain/strain, not work related." Employee was instructed to "[r]eturn to work without restrictions," and to "[r]eturn to clinic as needed." The report also states that Employee was "discharged from our clinic."

The trial court determined that Dr. Eldurkar "ordered no diagnostic testing, and offered no treatment," and that the doctor's opinion on causation is not entitled to the statutory presumption "because he did not treat [Employee]." In our view, the trial court erred in determining that Dr. Eldurkar's opinion on causation is not entitled to the

6

statutory presumption. Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) (2014) provides that the injured employee shall accept the medical benefits afforded under this section, provided that the employer provides a panel of physicians as required "from which the injured employee shall select one (1) to be the treating physician." Neither this section nor Tennessee Code Annotated section 50-6-102(13)(E) includes a qualitative standard for determining whether the selected physician is the "treating physician" whose causation opinion is entitled to the presumption of correctness; rather, application of the presumption is based on the employee's selection of the physician from an appropriate panel. *See generally* Tenn. Comp. R. & Regs. 0800-02-06-.01(4) (defines "Authorized Treating Physician" for purposes of utilization review as "the practitioner chosen from the panel required by [Tennessee Code Annotated section] 50-6-204 or a practitioner referred to by the practitioner chosen from the panel required by [section] 50-6-204, as appropriate"). However, such error is harmless here as the trial court determined that Employee did not establish sufficient medical evidence of causation. Applying the presumption to Dr. Eldurkar's opinion would not assist Employee in establishing causation.

## Conclusion

We hold that the evidence does not preponderate against the trial court's denial of additional medical and temporary disability benefits. Additionally, we find that the trial court's decision does not violate any of the standards identified in Tennessee Code Annotated section 50-6-217(a)(3) (2015). Accordingly, the trial court's decision is affirmed and the case is remanded for any further proceedings that may be necessary.

**David F. Hensley, Judge**
**Workers' Compensation Appeals Board**

7